IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**SHERRIE ALLISON MILLER**     **PLAINTIFF**

**V.**     **CASE NO. 2:11-CV-00066**

**PROVIDENT ADVERTISING AND MARKETING, INC.,**
**PROVIDENT MANAGEMENT CORPORATION, INC.,**
**HOOTERS INC., HOOTERS OF AMERICAN, INC.**
**AND ANNA CLADAKIS**     **DEFENDANTS**

MEMORANDUM OPINION

This cause comes before the court on the plaintiff's motion to remand this case to the Circuit Court of Desoto County, Mississippi. The defendants oppose remand and have filed several motions to dismiss the case. The plaintiff seeks additional time to respond to the defendants' motions. Having considered the various motions and submissions, the court is prepared to rule.

This lawsuit arises from the dissolution of Sherrie Miller and John Daly's marriage. The couple was married from July 29, 2001 until their divorce on February 19, 2010. According to Miller, Anna Cladakis was Daly's mistress and caused him to abandon the marriage.

On February 25, 2011, Miller filed a complaint in the Circuit Court of Desoto County, Mississippi, wherein she asserts claims against Cladakis for alienation of affection and intentional infliction of emotional distress. In the complaint, Miller argues that Cladakis was employed by Provident Advertising & Marketing, Inc. ("Provident Advertising"), Provident Management Corporation, Inc. ("Provident Management"), Hooter's Inc.[1], and Hooters of

---

[1] Hooter's Inc. was incorrectly named as "Hooters Incorporated" in the complaint. *See* Doc. 24

America, LLC.² ("HOA") during the time of her affair with Daly. Miller argues that Cladakis was acting within the scope of her employment when she intentionally interfered with the marriage. Based on this reasoning, Miller asserts claims against Cladakis' employers for negligent supervision, hiring, training, and/ or retention. Provident Advertising was the first defendant to be served on February 28, 2011 by certified mail. On March 15, 2011, Miller filed an amended complaint which was almost identical to the original complaint. None of the parties in this lawsuit are Mississippi residents³. However, the plaintiff claims that the affair and alleged misconduct in this case took place or was initiated in Desoto County, Mississippi.

On March 28, 2011, Cladakis filed a notice of removal in this court, asserting diversity jurisdiction. On March 29, 2011, HOA filed its consent to removal. On April 4, 2011, Provident Advertising, Provident Management, and Hooter's, Inc. (the "three defendants") filed their consent to removal. That day, all of the defendants filed motions to dismiss. Their arguments for dismissal include lack of personal jurisdiction, lack of subject matter jurisdiction, failure to state a claim, improper venue, and insufficient service of process.

On April 5, 2011, Miller filed a motion to remand, arguing that the removal was procedurally defective because all defendants did not consent to removal within thirty days after the first defendant was served. The plaintiff also argues that the notice is defective because HOA failed to allege the citizenship of its members. In its response, HOA provided that none of

---

²Hooters of America, LLC was formerly known as "Hooters of America, Inc." *See* Doc. 21

³Miller is a Tennessee resident. Cladakis is a Florida resident. Provident Management Corporation, Provident Advertising, and Hooter's Inc. are Florida corporations with their principal places of business in Florida. Hooters of America is a limited liability company with no members who are residents of Tennessee or Mississippi.

its members are residents of Tennessee or Mississippi. The plaintiff requests that HOA's response be stricken as untimely but fails to state how she would be prejudiced. As the response advises the court of the citizenship of HOA's members, the court sees no reason to strike it.

As many of the issues will be resolved once it is determined whether the case was properly removed, the court will address the motion to remand first.

Under 28 U.S.C. § 1446(b), the notice of removal must be filed within thirty days after the defendant either receives a copy of the complaint or is served with the summons, whichever period is shorter. If there are multiple defendants, the thirty day period "begins to run as soon as the first defendant is served." *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986). The Fifth Circuit employs a concept known as the "rule of unanimity," which requires all served defendants to join the petition for removal no later than 30 days after the first defendant was served. *Getty v. Ins. Co. of N. America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988). An exception to the rule of unanimity restores the right to remove when the complaint is "amended so substantially as to alter the character of the action and constitute an essentially new lawsuit." *Johnson v. Heublein, Inc*., 227 F.3d 236, 241 (5th Cir. 2000).

The three defendants argue that their error should be cured because they consented to removal before the plaintiff filed her motion to remand. They assert that the plaintiff waived her right to object to removal when she agreed to an extension of time to file responsive pleadings. The three defendants argue that the court should first address their argument for lack of personal jurisdiction because it is straightforward and presents no complex question of state law, whereas the remand analysis involves complicated issues. The three defendants claim that Miller fraudulently joined them to the lawsuit and that the court should dismiss them before it

3

determines whether to remand. Cladakis and HOA join in the three defendants' arguments.

In response, the plaintiff argues that her agreement for an extension of time to file responsive pleadings does not extend the time to remove mandated by § 1446(b). She asserts that fraudulent joinder is not implicated because there are no resident defendants. The plaintiff claims that she suffered damages in Mississippi and that the long-arm statute is satisfied because the defendants committed torts within the forum state. She requests that the court award her attorney fees upon remand because there was no objectively reasonable basis to file the notice or consents to removal.

The court normally considers claims of fraudulent joinder before determining whether to remand a case. However, since there is no allegation that the three defendants destroy diversity of citizenship, the court will not consider their argument for fraudulent joinder. Likewise, the court will not consider the personal jurisdiction arguments until it is determined that the case was properly removed to this court.

Miller's complaint was first served on Provident Advertising by certified mail on February 28, 2011. The complaint was delivered to a Hooters restaurant[4], rather than Hooter's Inc., the same day. The remaining defendants were served on March 1, 2011. As there are multiple defendants in this case, the thirty day period began to run after Provident Advertising was served. Therefore, the defendants had until March 30, 2011 to consent to removal. The Three Defendants filed consent to removal on April 4, 2011, five days after the deadline.

The plaintiff is correct in her assertion that an agreement to extend the time to file

---

[4]The court will not evaluate whether Hooter's Inc. was properly served at this time because this issue will not affect the start date for the thirty day removal deadline.

responsive pleadings does not simultaneously extend the deadline for filing notice or consent to removal. Miller did not waive her right to object to removal merely because she agreed to extend the responsive pleading deadline. Though the three defendants consented to removal before the plaintiff filed her motion to remand, this did not remedy their error. Section 1446(b) sets forth a specific time frame in which a notice of removal must be filed. The Fifth Circuit requires that all defendants consent to removal within that time frame, absent an exception to the unanimity rule. The exception is inapplicable in this case because Miller's amended complaint was not substantially amended so as to alter the character of the lawsuit. In this regard, the court finds that removal of this case was procedurally defective.

The removing party bears the burden of proving that a case is properly before the court. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). The defendants in this case failed to consent to removal within the thirty day deadline and no exception applies. The plaintiff did not waive her right to object to removal and has timely moved for remand. Taking these factors into consideration, the court finds that remand is proper.

The court now considers whether the plaintiff is entitled to costs of removal. Title 28 U.S.C. § 1447(c) provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Attorney's fees may be awarded under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). If an objectively reasonable basis exists, a request for fees should be denied. *Id.* In the present case, the court finds that the defendants had objectively reasonable grounds for seeking removal. The plaintiff's request is denied.

For the foregoing reasons, the court finds that the motion to remand is well taken and shall be granted.

This the 6th day of February, 2012.

                                             **/s/ MICHAEL P. MILLS**
                                             **CHIEF JUDGE**
                                             **UNITED STATES DISTRICT COURT**
                                             **NORTHERN DISTRICT OF MISSISSIPPI**